UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VECTREN CORPORATION, SOUTHERN INDIANA GAS & ELECTRIC COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:18-cv-02548-RLY-MJD |
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED, ALLSTATE INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY**

This matter comes before the Court on Plaintiffs' unopposed motion to stay further proceedings pending the resolution of Plaintiffs' claim that this matter should be remanded to state court. [Dkt. 13.] That issue is now the subject of a contested motion to remand. [Dkt. 26.]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g., E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108 at *2 (N.D. Ind. Aug.1, 2012). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Cloverleaf Golf Course, Inc. v. FMC Corp.*, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011). "[The Court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly

before it." *U.S. ex rel. Robinson v. Indiana University Health Inc.*, 2015 WL 3961221 at *1, (S.D. Ind. 2015) (internal citation omitted). "Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, No. 1:14-CV-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, No. 12 C 1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013). District courts have "extremely broad discretion" in weighing these factors and in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221 at *1.

In the motion, Plaintiffs are correct in their assertion that issues regarding the Court's subject matter jurisdiction must be resolved before the Court renders any decisions on the merits of this case. However, we are far from that point. The case was only recently filed and no discovery has been undertaken. This Court is one of the busiest in the country and it is necessary for all cases pending before the Court to proceed expeditiously.

Even more importantly, the Court notes that the instant motion to remand is not dispositive of this case. This case will proceed to be addressed on its merits. The only pending question is whether those merits will be addressed by this court, or by the state court upon remand. Consequently, discovery should proceed in order to prepare this matter for resolution on its merits regardless of the outcome of the motion to remand. Both the interests of justice and judicial economy dictate that this matter proceed so that it may be quickly decided on its merits once the motion to remand has been resolved.

District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g., James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005)*; *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

determination of every action and proceeding."), and the Court thus prefers to avoid any further delay in the resolution of this case. The Court will exercise its discretion to **DENY** Plaintiffs' motion to stay. [Dkt. 13.]

The Court will schedule a telephonic initial pretrial conference by separate order.

SO ORDERED.

Dated: 24 OCT 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.